IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
JAN 1 9 2006
U.S. COURT OF FEDERAL CLAIMS

A.A.B JOINT VENTURE
P.O. Box 37
Rosh Ha' Aiyn
68100 Israel,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 06-49 C

**COMPLAINT**

COMES NOW, Plaintiff A.A.B Joint Venture, by its undersigned attorneys, and for its complaint against Defendant, the United States of America, seeks monetary damages and other relief on its claims, and for grounds therefor states as follows:

## I. THE PARTIES

1. Plaintiff, A.A.B Joint Venture ("Contractor" or "Joint Venture") is a joint venture consisting of co-venturers ABB Susa, Inc., A. Arenson, Ltd. and Baran Group. Under the Joint Venture Agreement the parties are equal equity partners, ABB Susa, Inc. is managing partner. The Joint Venture was formed to bid on, and perform, a contract with the United States of America, which contract is the subject of this action.

2. Defendant, the United States of America (the "Government") is a party to the contract at issue, acting by and through the United States Army Engineer Corps-Europe ("USACE" or "COE"), located in Wiesbaden, Germany.

## II. JURISDICTION

3. This suit seeks *de novo* review of the Contracting Officer's denial of a Certified Claim and deemed denial of other Certified Claims as described herein. This Court has jurisdiction over this action pursuant to § 10(a) of the Contract Disputes Act of 1978 (41 U.S.C. § 609(a)) ("CDA") and 28 U.S.C. § 1491.

## III. FACTS COMMON TO ALL COUNTS

4. The project consists of the design and construction of a storage and logistics base complex for use by the Israeli Defense Force ("IDF"), which was a party to the solicitation requirements. The project, known as the Nachshonim Military Storage Base, is located near Elad, approximately 20 km east of Tel Aviv, Israel (the "project"). USACE is the owner and administrator of the project until completion. The project was authorized by the Wye River Accords and implemented by a Letter of Offer and Acceptance (LOA) between the Government of Israel and the U.S. Army Corps of Engineers. Under the LOA the Government of Israel agreed to provide full and complete engineering designs and bidding documents for infrastructure facilities and designs for buildings. The Government of Israel also agreed to cover the payment of successful contract claims.

5. The base complex consists of approximately 200 buildings, 119 of which are Dry Storage Buildings ("DSBs") specifically designed to house heavy military equipment in a ready state within a controlled climate, minimizing environmental impacts from temperature and humidity. The contract contemplated that the DSBs would consist generally of a concrete sub-structure and walls set upon drilled/cast piles or spread footings, a structural steel roof (conventional or spatial-type frame) and outer insulated paneling. The remaining buildings are conventional structures used for logistics, office space, and public and auxiliary use necessary

for the operation of the base. The base occupies a circular area of approximately 1,600,000 square meters, or approximately 400 acres, with the buildings located in a radial pattern around two ring roads and ten radial roads, dividing the area into ten segments and one central area. Heavy earthwork, site preparation and the implementation of communications and control systems were included in the scope of the project. Design work by the Contractor was limited to the buildings, the communications and control systems and other design not provided 100% by USACE. USACE provided the 100% design, drawings and specifications for the site infrastructure and site development. The Contractor design for the buildings had to be coordinated with the overall infrastructure and site development design and was also governed by a conceptual design provided by the Defendant as part of the solicitation, which design was based on the requirements of the solicitation's General and Special Specifications that included certain testing and performance specifications.

6. Contractor submitted its proposal and bid for the project on April 9, 2001.

7. On June 5, 2001 Contractor was awarded Contract No. DACA90-01-C-0043 (the "Contract") for $124,089,176.

8. During contract performance, several disputes arose between the parties. More specifically, the JV incurred substantial additional unanticipated costs, delays, loss of productivity and disruption in connection with the performance of its work.

9. These delays and disruptions were caused by, and are the responsibility of the Defendant as a result of, among other things: (a) defective/deficient/impossible specifications pertaining to pressure test requirements; (b) breach of the government's warranty to allow the JV

to utilize Third Country Nationals from countries having diplomatic relations with Israel; and (c) the Defendant's erroneous rejection of an alternate paint system.[1]

10. The original base contract was awarded on June 5, 2001 with a duration of 1,095 days. The USACE issued a Notice to Proceed effective June 19, 2001, resulting in an original contract completion date of June 18, 2004.

11. The Government issued various modifications extending the contract completion date by 184 calendar days, resulting in an adjusted completion date of December 19, 2004. Despite the JV's repeated requests for significant additional time extensions in the related cases noted above, the Government has refused to grant any additional time for the JV's performance, other than as discussed infra at Paragraph 23.

12. The Contract contains FAR 52.211-12 Liquidated Damages – Construction which provides for $21,000.00 as liquidated damages ("LDs") for each day of delay.

13. On February 11, 2005, the JV received notice from the Administrative Contracting Officer, Mr. Michael A. Roach, that effective immediately, the USACE would assess LDs of $252,000.00 for the retroactive time period of December 19, 2004 through December 31, 2004 (12 days x $21,000/day) against JV Pay Estimate No. 47, dated February 2, 2005.

14. On March 8, 2005, the JV submitted a Certified Claim in response to the ACO's February 11 letter, alleging that the assessment of LDs was improper and constituted a breach of contract. This certified claim sought remission of the LDs plus Contract Disputes Act interest.

---

[1] The delays associated with (a) are currently pending before this Court in Case No. 05-1172C. The delays associated with (b) and (c) are before the Court in COFC Case No. 05-114C.

15. On March 10, 2005, the ACO notified the JV that the USACE was withholding LDs of $651,000 (31 days x $21,000/day) from JV Pay Estimate No. 48, dated March 2, 2005, for the period January 1 through 31, 2005.

16. On March 14, 2005, the JV responded to the ACO's March 10, 2005 determination to withhold LDs from Estimate 48, by submitting a Certified Claim alleging improper withholding of LDs and requesting remission and Contract Disputes Act interest on the $651,000 amount.

17. On April 6, 2005, the USACE informed the JV that LDs of $588,000 were being withheld from the JV's Pay Estimate No. 49, dated April 3, 2005, for the period of February 1 to 28, 2005.

18. On April 7, 2005, the JV again submitted a certified claim, seeking recovery of the LDs withheld by the USACE in its April 6, 2005 letter plus interest.

19. The same procedure has occurred for each of the subsequent months. In each instance, the JV has timely submitted a certified claim in response to each assessment of LDs by the ACO as follows:

| Pay Estimate No. | Date of LDs Assessment | Amount of LDs Assessed by USACE | Date of JV's Certified Claim for Improperly Withheld LDs |
|---|---|---|---|
| 50 | May 9, 2005 | $651,000.00 | May 9, 2005 |
| 51 | June 8, 2005 | $630,000.00 | June 9, 2005 |
| 52 | July 8, 2005 | $651,000.00 | July 10, 2005 |
| 53 | August 7, 2005 | $630,000.00 | August 7, 2005 |
| 54 | September 7, 2005 | $651,000.00 | September 8, 2005 |
| 55 | October 9, 2005 | $651,000.00 | October 9, 2005 |

**A. Formal Denial.**

20. On May 20, 2005, in response to the first four Certified Claims for Improper Withholding of LDs (against Pay Estimate Nos. 47 through 50), Contracting Officer William

Mills issued a contracting officer's final decision, rejecting the claims pertaining to those Pay Estimates. The JV is appealing this Final Decision as to Pay Estimate Nos. 47 through 50.

**B. Deemed Denials.**

21. Despite the JV's continued submission of certified claims as the USACE withheld LDs on each subsequent Pay Application (from Estimate No. 51 *et seq.*), the CO has refused to issue any further final decisions. Instead, on August 25, 2005, CO Mills issued a letter stating, in part, that:

> On May 20, 2005, I issued a Contracting Officer's Decision on your claims for "Wrongful Withholding of Liquidated Damages" for progress payments 47 through 50. Your subsequent claims cover the same pertinent facts and issues, and provide no information which differs materially from your previous claims.
>
> Your recent claim letters are considered revisions to the amount of your previously submitted claim for "Wrongful Withholding of Liquidated Damages" and not new claims. There is no material or factual change in the merits of your claim. Since I have already issued my decision regarding this subject, additional Contracting Officer's Decisions will not be issued by my office for "Wrongful Withholding of Liquidated Damages," either for the above letters or for any subsequent liquidated damages assessed on future progress payments. You are directed to my Contracting Officer's Decision dated May 20, 2005 for my decision.

22. This letter does not constitute a final decision as required by the Contract Disputes Act of 1978, 41 U.S.C. §605, as it does not state it is a final decision; was not properly served upon the JV; and does not set forth the JV's appeal rights.

23. By Modification P00091, dated December 9, 2005, the contract completion date was extended by an additional 40 calendar days, resulting in an adjusted contract completion date of January 28, 2005 (December 19, 2004 per Paragraph 11 plus 40 calendar days per Modification P00091). The Modification also provided that the project was accepted as substantially complete as of October 10, 2005. The Modification expressly excepted any issues

directly or indirectly related to certified claims relating to liquidated damages, TCN Labor Shortages, Erroneous Rejection of Alternate Paint System and DSB Pressure Test.

24. The Government has currently withheld $5,355,000 for liquidated damages. This equates to 255 days of alleged inexcusable delay, from January 28, 2005 through October 10, 2005.

25. The JV is entitled to a substantial compensable and/or excusable noncompensable time extension such that any assessment of liquidated damages is erroneous. Accordingly, the JV is entitled to remission of all liquidated damages currently held by the USACE.

26. The JV requests that the Court direct the USACE to immediately remit the entire $5,355,000 erroneously withheld as liquidated damages, with appropriate interest thereon.

27. The Contracting Officer did not within sixty (60) days of receipt of the JV's June, July and August Certified Claims against Pay Estimates Nos. 51 through 55 either, (a) issue a final decision, or (b) notify the Joint Venture of the time within which a decision would be issued.

28. In accordance with 41 U.S.C. §605(c)(5), the failure of the Contracting Officer to issue a decision within the period required or notify the Joint Venture of the time within which a decision would be issued is deemed to be a decision of the Contracting Officer denying the claim and authorizing the commencement of suit on the claim.

WHEREFORE, Plaintiff A.A.B. Joint Venture prays for Judgment against Defendant, United States of America as follows:

1. For remission of $5,355,000 wrongfully withheld as liquidated damages;

2. For a time extension in an amount to be proven at trial both as to excusable/compensable delay and excusable/noncompensable delay;

3. For statutory interest as provided in the Contract Disputes Act; and

4. For such other and further relief as this Court deems just and proper.

Dated: January 19, 2006

Respectfully submitted,

Brian Cohen
BELL, BOYD & LLOYD, PLLC
1615 L Street, NW
Suite 1200
Washington, D.C. 20036
(202) 466-6300
Attorney for Appellant

Of Counsel:

Lawrence M. Prosen
Phillip C. Jones
BELL, BOYD & LLOYD, PLLC
1615 L Street, N.W., Suite 1200
Washington, D.C. 20036
(202) 466-6300

Devorah Patt
P. O box 2221
Savyon 56528
Israel