IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| A.A.B JOINT VENTURE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-49C |
| v. | ) | (Chief Judge Damich) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO CONSOLIDATE

Pursuant to Rule 42 of the Rules of this Court, defendant respectfully requests that the Court consolidate the above captioned case with Nos. 04-1719C, 05-114C, and 05-1172C for all purposes. The grounds for this request are as follows.

All four of the cases involve the same parties and the same contract.[1] In Nos. 05-114C and 05-1172C, plaintiff asserts delay claims involving overlapping and concurrent delay issues. In No. 06-49C, plaintiff seeks a time extension and remission of liquidated damages, upon grounds involving the same delay issues as are involved in Nos. 05-114C and 05-1172C. In No. 04-1719C, plaintiff asserts claims based upon alleged differing site conditions, but there is a substantial overlap between the facts pertinent to No. 04-1719C and those pertinent to the other three cases. Additionally, some of the potential trial and/or deposition witnesses are the same in all of these cases.

A fair resolution of the delay issues in Nos. 05-114C, 05-1172C, and 06-49C will be difficult, if not impossible, if the claims are litigated and adjudicated separately. Further, it will be more efficient and economical to try these cases, and to conduct further discovery and other

---

[1] There is yet another related case before this Court involving the same parties and the same contract: No. 04-1792C. The issues in that cases, however, are distinct from the issues in the other four cases, and the considerations warranting consolidation are not fully applicable to that case.

pre-trial proceedings in these cases and in No. 04-1719C, together. This is particularly true in view of the fact that, in all of these cases, most of the relevant documents and knowledgeable individuals are in Israel. Further, because of various logistical and procedural difficulties arising from the latter fact (some of which are described in the Joint Motion for Enlargement of Time to Complete Fact Discovery filed on February 3, 2006, in No. 04-1792C), the parties will in any event require additional time to complete fact discovery, beyond the February 28, 2006 deadline currently in effect in Nos. 04-1719C and 05-114C.

The parties have been conducting discovery in Nos. 04-1719C and 05-114C since mid-2005, but discovery has not yet commenced in Nos. 05-1172C and 06-49C. The Government's answer in No. 05-1172C was filed on January 3, 2006, and the answer in No. 06-49C is due to be filed on or before March 20, 2006. The parties' joint preliminary status report ("JPSR") in No. 05-1172C is due to be filed on or before February 24, 2006. In that JPSR, the parties will be proposing trial dates and a schedule for discovery and other pre-trial proceedings for that case. Defendant believes, however, that the same schedule should govern all four of the above-discussed cases, and that all discovery deadlines in Nos. 04-1719C and 05-114C should be suspended, pending establishment of a common discovery schedule for all of these cases based upon the JPSR in No. 05-1172C.

Consolidation of these three cases, and suspension of discovery deadlines in Nos. 04-1719C and 05-114C pending establishment of a common discovery schedule for all four cases, will promote the interests of efficiency and economy for the parties and the Court, and will facilitate a fair resolution of common or overlapping issues, particularly with respect to the delay claims.

For the foregoing reasons, Nos. 04-1719C, 05-114C, 05-1172C, and 06-49C should be consolidated, and discovery deadlines in Nos. 04-1719C and 05-114C should be suspended pending establishment of a common discovery schedule for all four of these cases.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/ David M. Cohen**
DAVID M. COHEN
Director

**s/ Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
Room 8012
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:

PAUL CHEVERIE
Command Counsel
BRETT R. HOWARD
Assistant Command Counsel
Europe District
U.S. Army Corps of Engineers

**Filed Electronically**

February 14, 2006